# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| **ROBERT L. ARNOLD** and **KAREN BRINKMANN,** | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:15CV01299HEA |
| **UNITED STATES OF AMERICA,** | ) ) | |
| Defendant. | ) ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint, [Doc. No. 8]. Plaintiff has filed opposition to the motion, [ Doc. No. 9]. Defendant has filed a Reply, [ Doc. No. 10], to the Opposition. For the reasons set forth below, the Motion is granted.

## Facts and Background

Plaintiffs filed suit, on July 19, 2015, in Small Claims Court in the Circuit Court of Franklin County, Missouri, against Jennifer Hancock, an employee of the Social Security Administration. Plaintiffs claim "defendant failed to transfer paperwork to Medicare as part of her job" . . . and that "her inaction is running my credit and damaging my health…" and there was a "failure to do her job..."

Plaintiff Robert Arnold claims further that he "also had to cancel medical testing and treatment due to the same job failure of the defendant." The Plaintiffs further allege "[t]his has caused extreme emotional & medical distress for both me & my significant other." Plaintiffs now seek $5,000.00 in damages. This action sounds in tort, but Plaintiff did not file an administrative tort claim with the Social Security Administration.

**Legal Standard inMotions to Dismiss**

The filing of a motion pursuant to Rule 12(b) (1) Fed. R. Civ. P enables the court to consider the threshold question of jurisdiction , since "judicial economy demands that the issue be decided at the outset rather than deferring it until trial." *Osborn v.U.S.*, 918 F.2d 724, 729 (8th Cir. 1990). A district court has "broader power to decide its own right to hear the case than it has when the merits of the case are reached." *Id*. (citing *Williamson v. Tucker,* 645 F.2d 404, 413 (5th Cir. 1981)). "Jurisdictional issues, whether they involve questions of law or fact, are for the court to decide." *Id.*

The issue before the court on a 12(b)(1) motion is whether the court has subject matter jurisdiction. The issue of subject matter juridiction flies directly at whether the Court has power to hear the case. As such, "there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id*. In this arena "no presumptive

truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* In addition, the plaintiff carries the burden of proof that jurisdiction exists. *Id.*

The non-existence of subject matter jurisdiction cannot be waived by the parties, or ignored by the courts, at any stage of the litigation. *Sadler v. Green Tree Servicing, LLC*, 466 F.3d 623, 625 (8th Cir. 2006) (citing *Hunter v. Underwood*, 362 F.3d 468, 476 (8th Cir. 2004)). Subject matter jurisdiction may be raised at any time by a party to an action, or by the court *sua sponte*. *Bueford v. Resolution Trust Corp.*, 991 F.2d 481, 485 (8th Cir. 1993); *see also, Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006). Rule 12 specifically states that "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "No case can properly go to trial if the court is not satisfied that it has jurisdiction… The jurisdiction issue must be resolved first." *Osborn*, 918 F.2d at 730 (quoting *Crawford v. United States*, 796 F.2d 924,928 (7th Cir. 1986).

**Discussion**

The Federal Tort Claims Act ("AFTCA") 28 U.S.C. '2671 *et seq.* was enacted by Congress and provided a limited waiver of the United States government's sovereign immunity. *See United States v.Kubrick*, 444 U.S. 111,

117-18 (1979); *Bellecourt v. United States*, 994 F.2d 427, 430 (8th Cir. 1993). The government is liable in tort for damages caused by the negligence of government employees acting within the scope of their office under circumstances where the government, "if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. '1346(b)(1) (Supp.1997). *See, Mandel v. United States*, 793 F.2d 964, 968 (8th Cir. 1986), *Bergmann v. United States*, 689 F.2d 789, 792 (8th Cir. 1982) and *Hungate v. United States*, 626 F.2d 60, 61 (8th Cir. 1980).

The pertinent part of the FTCA Section 2675 (a) reads as follows:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall first have presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

Section 2675(a) sets forth the jurisdictional prerequisite which must be satisfied before a claimant may proceed against the United States in District Court. *McNeil v. United States*, 508 U.S. 106, 111-112 (1993); *Porter v. Fox*, 99 F.3d 271, 274 (8th Cir. 1996); *Bellecourt v. United States*, 994 F.2d 427, 430 (8th Cir. 1993). Filing an administrative claim is a prerequisite to maintaining jurisdiction and cannot be waived absent a showing of exhaustion. *Bellecourt*, 994 F.2d at 430;

*Manko v. United States*, 830 F.2d 831 (8th Cir. 1987); *West v. United States*, 592 F.2d 487 (8th Cir. 1979).

A review of the pleading in its entirety demonstrates there was no filing of an administrative claim with the Social Security Administration. Such a failure bars the court from assuming jurisdiction over any claim in this matter, as primary jurisdiction remains with the Social Security Administration. *See also, Melo v. United States*, 505 F.2d 1026, 1028 (8th Cir. 1974).

**The Claims of Plaintiff Karen Brinkmann**

It is elementary that Federal court jurisdiction is restricted to " 'cases' and 'controversies.' " *Wieland v. U.S. Department of Health and Human Services*, 793 F.3d 949, 954 (8th Cir., 2015)(citing, *Flast v.Cohen*, 392 U.S. 83, 94 (1968)). A case or controversy is clearly definable. A case or controversy exists only if a plaintiff "personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant." *Id.*, (quoting, *Gladstone Realtors v. Village of Bellwood*, 441 U.S. 91,99 (1979). A plaintiff bears the burden of showing (1) that he has suffered an "injury in fact" that is "actual or imminent, not 'conjectural or 'hypothetical' "; (2) that the injury is causally connected to the defendant's allegedly illegal conduct and not to the "independent action of some third party not before the court"; and (3) that "it [is] 'likely,' as opposed to merely

'speculative,' that the injury will be 'redressed by a favorable decision.'" *Id*., (quoting, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

The Small Claims Petition filed in the Circuit Court of Franklin County, Missouri, was signed and filed only by Plaintiff Robert Arnold [Doc. 2]. Plaintiff Karen Brinkmann did not sign the Small Claims Petition [Doc 2]. The allegations involve only Plaintiff Arnold's application for Medicare Part B [Doc. 2] Plaintiff Arnold and Plaintiff Brinkmann are not married nor are they relatives. Plaintiff Arnold is legally barred from representing anyone other than himself in a court of law.

Plaintiff Brinkmann has no standing in this cause of action. It involves only Plaintiff Arnold's Medicare Part B application [Doc. 2]. Plaintiff Brinkmann has no alleged damages [Doc. 2]. The damages alleged by Plaintiff Arnold are "ruining my credit and damaging my health"; "I have . . . overdue medical bills"; "I have also had to cancel medical testing & treatment" (emphasis added) [Doc. 2]. Plaintiff Karen Brinkmann has no standing as she cannot show that she suffered or suffers from any injury in fact. Plaintiff Brinkmann cannot establish any causal connection without an injury in fact. Since Plaintiff Brinkmann has no injury, only Plaintiff Arnold's claims could likely to be redressed by a favorable decision. Therefore, Plaintiff Brinkmann will be dismissed, with prejudice, for lack of standing.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss Plaintiff's Complaint is well taken.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, [Doc. No. 8], is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is dismissed without prejudice, for lack of subject matter jurisdiction. Plaintiff is granted 60 days from the date of this Opinion, Memorandum and Order to file an appropriate administrative claim to/with the appropriate federal agency amended complaint.

**IT IS FURTHER ORDERED** that the claim of Plaintiff Karen Brinkmann is dismissed with prejudice, for lack of standing.

Dated this 3rd day of November, 2015.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE